John LOWER, Petitioner (Defendant),

v.

STATE of Wyoming, Respondent (Plaintiff).

No. 89–53.

Supreme Court of Wyoming.

Jan. 31, 1990.

M. David Lindsey, Asst. Public Defender, Cheyenne, for petitioner.

Joseph B. Meyer, Atty. Gen., John W. Renneisen, Deputy Atty. Gen., Karen A. Byrne, Sr. Asst. Atty. Gen., and Charles B. Mead, Jr., Student Intern, argued, for respondent.

Before CARDINE, C.J., and
THOMAS, URBIGKIT, MACY and
GOLDEN, JJ.

CARDINE, Chief Justice.

Pursuant to a plea agreement, appellant John Lower pleaded guilty to a single count of delivery of a controlled substance, in violation of W.S. 35–7–1031(a)(ii) and 35–7–1014(d)(xiii). Although the trial court initially suspended execution of a one to three year sentence and placed appellant on probation, the original sentence was soon reinstated following revocation proceedings. Lower now appeals, alleging he was deprived of the effective assistance of counsel during the plea bargaining process and his arraignment, and during the subsequent probation revocation hearing. In addition, he asserts that the trial court's failure to credit the reinstated sentence with the time successfully served on probation

deprived him of due process and the equal protection of the law.

We affirm.

## FACTS

On February 16, 1988, an informant working for the Gillette Police Department purchased three ounces of marijuana from appellant with $400 in marked bills while two detectives, monitoring transmissions from a body wire worn by the informant, recorded the transaction. Appellant was charged with the unlawful delivery of a controlled substance. In exchange for his guilty plea to that offense, the county prosecutor offered to dismiss a charge of aiding and abetting in the delivery of a controlled substance. The document, filed on July 20, 1988, evidencing appellant's consent to that agreement, expressly stated that it did not extend to sentencing matters.

At his arraignment, on August 1, 1988, the trial court carefully explained the charges against appellant and the maximum penalties carried by those charges. The court advised appellant of the constitutional protections available to him and detailed those he would surrender should he plead guilty. Additionally, the court questioned appellant and was advised, in turn, that he was satisfied with the representation received from appointed counsel and that no coercion and no promises other than those contained in the plea agreement had induced him to submit his plea. The court then informed appellant it was not bound to accept the plea agreement, explaining further that sentencing, even under the terms of the agreement, was a matter committed entirely to the court's discretion. Notwithstanding such advice, appellant expressed his desire to enter a plea under the terms of the agreement. Accordingly, the court approved the agreement and, after examining the factual basis for appellant's guilty plea, accepted his plea.

A sentence of one to three years in the state penitentiary was imposed and suspended, and appellant was ordered to serve 45 days in the Campbell County Detention Center followed by three years on probation. As a condition of probation, however, the trial court required appellant to avoid associating with anyone using controlled substances and prohibited him from using such substances himself. To assure his compliance with these conditions, appellant was additionally required to undergo treatment for substance abuse at the Wyoming Regional Counselling Center and to submit to periodic urine testing requested by his probation officer. Unfortunately these safeguards were to little avail, for within a month of his release from the county jail appellant had repeatedly breached the terms of his probation. Affidavits of his probation officer, filed in support of a revocation motion, indicated the presence of cannabinoid in appellant's urine on three separate occasions during November of 1988. Contemporaneously, appellant admitted his continued drug use and his continued association with known drug users to his probation officer.

A revocation hearing was held on January 9, 1989. At the beginning of the hearing, the trial court explained the nature of the proceedings to appellant, advising him of the maximum penalty it could impose for his probation violations. The court reviewed the constitutional rights available to him during the hearing and the effect of any admissions he might make on the later exercise of those rights. The court also determined appellant was satisfied with the representation of appointed counsel. Despite the court's comments, appellant nevertheless confessed to the alleged probation violations and recounted a detailed factual basis for his admissions. On the basis of that confession, the court revoked his probation and ordered him to serve one to three years in the state penitentiary, with credit given for the 45 days already served.

I

Appellant asserts, as his first claim of error, that his appointed counsel ineffectively represented him during plea negotiations and during the arraignment at which he entered his guilty plea. We have recently held that, where a defendant has

entered a guilty plea, he may challenge his subsequent conviction on appeal only with respect to matters which affect the voluntariness of his plea or the subject-matter jurisdiction of the trial court. *Zanetti v. State,* 783 P.2d 134, 137–38 (Wyo.1989). When a guilty plea has been entered upon the advice of counsel, the voluntariness of that plea may depend on the extent to which that advice comports with the constitutional guarantee to the effective assistance of counsel. *Hill v. Lockhart,* 474 U.S. 52, 56, 106 S.Ct. 366, 369, 88 L.Ed.2d 203 (1985); *Worthen v. Meachum,* 842 F.2d 1179, 1184 (10th Cir.1988). Such is clearly the substance of appellant's claim in the present case.

Appellant argues that counsel knew he needed the confinement of inpatient treatment to successfully combat his alleged addiction to marijuana and that his consent to any proposed plea agreement, and the prospect for his successfully completing any probationary program, was contingent upon his procuring such treatment. Appellant also contends he signed the plea agreement, which was subsequently approved by the district court, solely on the assurances of counsel that the agreement guaranteed his enrollment in an inpatient substance abuse program. He now lays the blame for his continued cannabis consumption, and therefore his probation revocation, upon the failure of the court-ordered treatment program to adequately restrict his access to the illicit drugs. He asserts that he had informed his attorney of the foreseeability of this result and concludes that, had he known counsel's advice was faulty, he would have chosen to face a trial on the charges. Thus, appellant has challenged the voluntariness of his plea through his claim that counsel both failed to procure the desired treatment as part of the plea bargain and failed to inform him that such was the case.

To warrant reversal on his claim of ineffective assistance of counsel, appellant must demonstrate some deficiency in the representation received from his attorney. Counsel must have failed, in light of all circumstances existing at the time of the challenged act or omission, to employ such

judgment or to render such assistance as would have been offered by a reasonably competent attorney under like circumstances. In addition, appellant must demonstrate that counsel's deficiency prejudiced the defense of his case. He must demonstrate the existence of a reasonable probability that, absent that deficiency, the result of the proceedings would have been different. Counsel's ineffectiveness must be so serious as to undermine this court's confidence that the outcome was fair. *Laing v. State,* 746 P.2d 1247, 1248–49 (Wyo. 1987); *Gist v. State,* 737 P.2d 336, 342 (Wyo.1987); *Frias v. State,* 722 P.2d 135, 145–47 (Wyo.1986).

When an attorney has allegedly misadvised his client with respect to the entry of a guilty plea, a determination must be made of whether the decision to plead and forego the defense of his case resulted in prejudice to the client. That determination involves two interrelated questions: whether, in the absence of counsel's error, the recommendation of a reasonably competent attorney concerning the plea would differ from that given; and whether, absent the error, the outcome of a trial would have been more advantageous to the client than the result of his plea. *Hill,* 474 U.S. at 59–60, 106 S.Ct. at 370–71. The defendant may also establish the necessary prejudice by proof of circumstances indicating that, in deciding whether or not to plead guilty, he placed special emphasis on the challenged aspect of his attorney's advice. He must suggest to the reviewing court a plausible reason why, had his representation been as he claims it should have been, he would have chosen to forsake the benefits of his plea agreement for the risks of trial. *Id.;* see also *Worthen,* 842 F.2d at 1184.

The defendant cannot, however, be said to have been prejudiced by advice which is merely misleading if the trial court, prior to taking his plea, has corrected any misunderstanding engendered by that advice. *Id.* We have held in this regard that, although promises allegedly made during the course of plea negotia-

tions later remained unfulfilled, a defendant's guilty plea is not thereby rendered involuntary where the trial court thoroughly discussed the plea agreement with him, informed him it was not bound by the terms of the agreement, and explained the ramifications of his guilty plea according to the requirements of W.R.Cr.P. 15. *Percival v. State*, 745 P.2d 557, 559–60 (Wyo. 1987); *Hanson v. State*, 590 P.2d 832, 835 (Wyo.1979).

■ Appellant in the present case has failed to demonstrate that he has been prejudiced by the acts or omissions of appointed counsel. The record indicates he faced two charges, potentially exposing him to twenty years of imprisonment. It also reveals upon the charge to which he entered his plea, the State had accumulated a considerable amount of inculpatory evidence. Against this background, appellant offers nothing to convince us that, had he proceeded to trial, he would have been acquitted or would have received a lesser sentence or probation with more favorable terms. Neither does he suggest a plausible reason why the omission of a single provision from his plea agreement would cause him to proceed to trial, forsaking the benefits of a plea bargain which, except for that omission, apparently satisfied him. Inpatient treatment for substance abuse was guaranteed by neither course. It is particularly difficult, in light of the record of his arraignment proceedings, to imagine how appellant may have been prejudiced by counsel's alleged failure to truthfully inform him that such a guarantee did not exist. The trial court detailed the provisions of the plea agreement appellant had signed, determined that no other promises had been made to him, and clearly told appellant that it was not bound to accept any plea agreement. The court, then, fully and completely advised him of the effects of his prospective guilty plea. Appellant's plea was entered voluntarily, and the trial court's acceptance of that plea is, therefore, affirmed.

## II

■ Appellant also claims he was denied the effective assistance of counsel at his probation revocation hearing by counsel's failure to prepare him for the hearing. He contends that counsel failed to explain the grounds upon which revocation was sought and his right to remain silent. He asserts that, had he been properly represented, he would not have answered questions posed by the trial court in such a manner as to admit and provide proof of his numerous probation violations. Asserting that the State could not otherwise have established those violations, appellant concludes that counsel's deficiencies have thereby prejudiced him. Upon review of the record, however, in light of the standards articulated in the preceding discussion, we reach a contrary conclusion. Even if we were convinced that counsel behaved as inappropriately as claimed, appellant was not prejudiced.

The State sought to revoke his probation on the basis of urine samples taken from appellant and the affidavits of his probation officer, all of which indicated appellant had used marijuana three times during November of 1988. Those facts and the consequences of revocation were explained to him at the hearing. The court also explained the constitutional rights afforded to him during the proceeding, including his right to remain silent, and informed him of the evidentiary effect of any admissions he might make. The court then determined that appellant was satisfied with the representation received from appointed counsel. Notwithstanding these precautions, appellant admitted violating the conditions of his probation and detailed the circumstances surrounding those violations.

As was the case in our discussion of his arraignment, the evidence potentially available against appellant militated against a finding that the outcome of this hearing would have differed in the absence of attorney error. We also note that the conduct of the trial court has, in both instances, served to cure the asserted failings of counsel. Appellant has again claimed to have been misinformed or ill-informed by counsel, and again the trial court has supplied him with the correct information. As

in the earlier proceeding, that information was sufficient to permit him an intelligent and voluntary choice, equal to that which would have been afforded had counsel performed to appellant's expectations. Consequently, he suffered no prejudice, and the revocation of his probation is affirmed.

### III

■ Appellant's third and final claim of error consists of a rather vague and misguided due process and equal protection challenge to the reimposition of his original sentence following probation revocation. He claims, in this regard, that the trial court was constitutionally required to grant him credit against that sentence for the time successfully served on probation. He is clearly mistaken.

■ Sentencing decisions, including the revocation of probation and imposition of sentence, are matters left almost entirely to the sound discretion of the trial court. Such decisions will not be disturbed on appeal unless the court has clearly abused that discretion. *McFarlane v. State,* 781 P.2d 931, 932 (Wyo.1989); *Mower v. State,* 750 P.2d 679, 680 (Wyo.1988). "[N]o requirement exists, either constitutionally or statutorily, that a court must take into account time served on probation following a probation revocation." *McFarlane,* 781 P.2d at 932; *see also United States v. Shead,* 568 F.2d 678, 681 n. 1, 683 (10th Cir.1978); *Thomas v. United States,* 327 F.2d 795, 796–97 (10th Cir.1964), *cert. denied,* 377 U.S. 1000, 84 S.Ct. 1936, 12 L.Ed.2d 1051 (1964). Appellant has not demonstrated any abuse of discretion.

The actions of the trial court are affirmed in all respects.