2002 WY 153

Gerald P. **BARKELL**, Appellant (Defendant),

v.

The **STATE** of Wyoming, Appellee (Defendant).

No. 00–223.

Supreme Court of Wyoming.

Oct. 16, 2002.

Kenneth Koski, State Public Defender; Donna D. Domonkos, Appellate Counsel; Ryan R. Roden, Assistant Appellate Counsel; Diane E. Courselle, Director, Sean Minahan, Student Intern, and Kirk Morgan, Student Intern, of the Wyoming Defender Aid Program, Representing Appellant. Argument by Mr. Morgan.

Hoke MacMillan, Wyoming Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; T. Alan Elrod, Assistant Attorney General, Representing Appellee. Argument by Mr. Elrod.

Before HILL, C.J., and GOLDEN, LEHMAN *, KITE, and VOIGT, JJ.

GOLDEN, Justice.

[¶ 1] On January 25, 2000, a jury convicted Gerald P. Barkell (Barkell) of two counts of third degree sexual assault in violation of Wyo. Stat. Ann. § 6–2–304(a)(ii) (LexisNexis 2001). On appeal, Barkell challenges his convictions based on the alleged ineffectiveness of his trial counsel. We find that Barkell has not overcome the strong presumption that

* Chief Justice at time of oral argument.

his counsel rendered adequate assistance and affirm his convictions.

## ISSUES

[¶ 2] Barkell states the issues as follows:

I. Did [trial counsel's] failure to conduct an adequate investigation, failure to effectively examine witnesses at trial, and general lack of understanding of controlling principals [sic] of law, deny Mr. Barkell his constitutional right to effective assistance of counsel under the 6th Amendment of the United States Constitution and under Article 1, § 10 of the Wyoming Constitution?

II. Did this Court effectively deny Mr. Barkell the right to due process and a meaningful appeal by denying Mr. Barkell the opportunity to supplement the trial record in his attempt to prove his appellate claim of ineffective assistance of trial counsel?

The State puts the issues as follows:

I. Did Appellant receive effective assistance of counsel?

II. Should this Court refuse to consider Appellant's improper, second issue?

## FACTS

[¶ 3] Barkell was charged with two counts of third degree sexual assault in violation of Wyo. Stat. Ann. § 6–2–304(a)(ii). The charges were based on allegations by Barkell's stepdaughter, BV, that on successive nights in early July 1999, Barkell forced her to shower with him, to lie naked with him, to rub lotion on him and allow him to do the same to her, and to touch his genitals and allow him to do the same to her. BV was ten years old at the time.

[¶ 4] The morning after the second incident, BV told her mother about the allegations. Her mother took her immediately to the Safe House shelter in Cheyenne and called the police. A detective from the Laramie County Sheriff's Department interviewed BV and her mother at the shelter. BV told the detective that Barkell first offered her money to shower with him and,

when she refused, used physical force to disrobe her and force her into the shower.

[¶5] Mr. Barkell was arrested in July 1999, and a public defender was appointed for him. A replacement public defender entered his appearance on October 26, 1999. Following a continuance at Barkell's request, he was tried on January 24 and 25, 2000. The jury returned guilty verdicts on two counts of third degree sexual assault, and Barkell received consecutive sentences of five to seven years on each count.

[¶6] At trial, the State's witnesses included BV's mother, a child psychologist, BV, and the investigating detective. BV's mother testified about her daughter's allegations and about behavioral problems she had observed in her daughter before learning of those allegations. The psychologist testified regarding behavioral patterns commonly seen in child victims of sexual assault. The detective testified regarding his interviews with BV and her mother, as well as his investigation of the crime scene.

[¶7] Barkell's defense at trial was based on the lack of corroborating physical evidence and on BV's alleged motivation to fabricate the allegations of sexual assault in retaliation for Barkell's efforts to discipline her more strictly than did her mother. In support of the latter argument, he presented three witnesses to testify regarding BV's reputation for dishonesty. Barkell did not testify.

[¶8] On appeal to this Court, Barkell previously filed a motion and brief requesting a limited remand to develop evidence of trial counsel's ineffectiveness. That motion was denied.

## STANDARD OF REVIEW

[¶9] We recently reaffirmed our standard for reviewing claims of ineffective assistance of counsel in *Becker v. State*, 2002 WY 126, ¶12, 53 P.3d 94, ¶12 (Wyo.2002), and *Chapman v. State*, 2001 WY 25, ¶6, 18 P.3d 1164, ¶6 (Wyo.2001). Those cases approve the standard articulated in *Jackson v. State*, 902 P.2d 1292, 1295 (Wyo.1995), and applied in *Grainey v. State*, 997 P.2d 1035, 1038–39 (Wyo.2000):

When reviewing a claim of ineffective assistance of counsel, the paramount determination is whether, in light of all the circumstances, trial counsel's acts or omissions were outside the wide range of professionally competent assistance. *Herdt v. State*, 891 P.2d 793, 796 (Wyo.1995); *Starr v. State*, 888 P.2d 1262, 1266–67 (Wyo. 1995); *Arner v. State*, 872 P.2d 100, 104 (Wyo.1994); *Frias v. State*, 722 P.2d 135, 145 (Wyo.1986). The reviewing court should indulge a strong presumption that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Herdt*, at 796; *Starr*, at 1266; *Arner*, at 104; *Strickland v. Washington*, 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984).

Under the two-prong standard articulated in *Strickland* and *Frias*, an appellant claiming ineffective assistance of counsel must demonstrate on the record that counsel's performance was deficient and that prejudice resulted. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064; *Starr*, at 1266; *King v. State*, 810 P.2d 119, 125 (Wyo.1991) (Cardine, J., dissenting); *Campbell v. State*, 728 P.2d 628, 629 (Wyo.1986); *Frias*, 722 P.2d at 145. In other words, to warrant reversal on a claim of ineffective assistance of counsel, an appellant must demonstrate that his counsel failed to "render such assistance as would have been offered by a reasonably competent attorney" and that "counsel's deficiency prejudiced the defense of the case." *Lower v. State*, 786 P.2d 346, 349 (Wyo.1990). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686, 104 S.Ct. at 2064.

[¶10] The burden of proving that counsel was ineffective therefore rests entirely on the Appellant. *Sorensen v. State*, 6 P.3d 657, 660 (Wyo.2000), *cert. denied*, 531 U.S. 1093, 121 S.Ct. 818, 148 L.Ed.2d 702 (2001).

## DISCUSSION

[¶ 11]   In connection with his first issue, Barkell asserts three general categories of ineffective assistance by trial counsel: 1) failure to adequately prepare for trial; 2) failure to present proper witnesses and evidence at trial; and, 3) unfamiliarity with trial practice rules and standards.   He cites nine particulars of alleged ineffective assistance, which we will discuss in the order presented.   As to each, we begin with a presumption that counsel rendered adequate representation unless Barkell demonstrates on the record that counsel's performance was deficient and that prejudice resulted.   *Becker,* ¶¶ 16, 17.

*Failure to present testimony of BV's counselors*

■   [¶ 12]   Testimony at trial indicated that BV had been in counseling before the incidents that led to the charges against Barkell.   Barkell alleges that trial counsel failed to investigate "possible evidence" that the victim's counselors "may have been able to reveal."   He makes the assumption that, because BV was in counseling, there *may be* evidence in her counseling records to support his defense theory that she was either dishonest or motivated to fabricate the allegations of sexual assault.

[¶ 13]   We have often said that a defendant does not meet his burden to show his counsel's performance was deficient by mere speculation or equivocal inferences as to potential witnesses and testimony that could have been called at trial.   *Grainey,* 997 P.2d at 1039–40; *Cutbirth v. State,* 751 P.2d 1257, 1266 (Wyo.1988).   "[The listing] of possible witnesses along with vague statements of the testimony they might provide ... falls far short of a presentation of the facts about which the proposed witnesses would have testified that is necessary to overcome the strong presumption that the failure to call these witnesses was a strategic trial decision."   *Eustice v. State,* 11 P.3d 897, 904–05 (Wyo.2000).

[¶ 14]   Because Barkell does not identify any specific testimony or evidence that the counselors would have offered, the presumption that trial counsel rendered adequate assistance and exercised reasonable profes-

sional judgment is not rebutted, and it is therefore not necessary to address the second prong of the *Strickland* test.

*Failure to Consult with or Call an Expert*

■   [¶ 15]   At trial, Barkell's counsel vigorously cross examined the State's expert witness, a child psychologist, but did not call a second expert to testify on behalf of defendant.   Barkell assumes from this that his counsel did not consult with an expert or consider the possibility of calling a defense expert, and that such failure constitutes ineffective assistance.

[¶ 16]   In *McCoy v. State,* 886 P.2d 252, 256 (Wyo.1994), we recognized that failure to call an expert witness may constitute ineffective assistance of counsel.   However, in *Bloomquist v. State,* 914 P.2d 812 (Wyo.1996), we also stated that "the defendant must show that such expert testimony was available and necessary" and that "[a]ppellant must show that an expert was available who would have testified consistently with his theory."   *Id.* at 820.   Barkell fails to make such a showing, but invites us to speculate about what type of expert and what type of testimony *could* have assisted his defense.   We decline to engage in such speculation to overcome the strong presumption of adequate assistance.

[¶ 17]   The decision not to call a witness is a strategic choice, normally within the judgment of counsel and will not be second-guessed with the benefit of hindsight absent the specific showing required by *McCoy* and *Bloomquist.   Eustice,* 11 P.3d at 904–05.

*Failure to Adequately Question the State's Expert*

■   [¶ 18]   Barkell concedes on appeal that the testimony of the State's expert was probably admissible under applicable case law and criticizes his attorney for vigorously objecting to its admission at trial.   Barkell fails to demonstrate how the making of an objection, ultimately and correctly overruled by the trial court, constituted ineffective assistance of counsel or prejudiced his defense.

[¶ 19]   Barkell then proceeds to criticize the quality of the cross-examination. Through cross-examination, defense counsel

attacked the credibility of Dr. Dietrick–Mac-Lean by admission that her services are available for hire by both prosecution and defense. He obtained an admission that there can be other causes for the symptoms the doctor associated with sexual abuse, and that child victims may incorporate into their memory of sexual abuse information obtained from an interviewer's questions. He also obtained an admission that the doctor did not know if emotionally disturbed children are more prone to allege sexual abuse than other children. All of these are legitimate points for attacking an expert's credibility on cross-examination and were consistent with the defense theory of the case.

[¶ 20] We will not evaluate the trial counsel's efforts from a hindsight perspective. We attempt to reconstruct the circumstances which existed during the trial counsel's challenged conduct and evaluate the performance from his perspective. *Owen v. State*, 902 P.2d 190, 199 (Wyo.1995). A close review of the record reveals that the trial attorney's cross-examinations were relevant and useful to the theory which the defense was pursuing. Although generally critical, Barkell does not make any concrete suggestions for cross-examination that should have been pursued, and therefore does not rebut the presumption that counsel's cross examination was effective.

*Ineffective Cross-examination of the Victim*

[¶ 21] Barkell likewise criticizes the cross-examination of BV in a general way but fails to elucidate any failings that fall below the standard of a reasonably competent attorney, especially any that were likely to have changed the outcome of the trial. *Becker*, ¶ 12.

[¶ 22] Barkell's counsel, on cross-examination of BV, exposed some minor inconsistencies in BV's testimony and the potential motivation for her to fabricate the allegations, both of which points he brought to the attention of the jury during closing. Any additional inconsistencies developed by Barkell with the advantage of 20/20 hindsight would not have changed the outcome of the trial. The jury's rejection of the defense strategy does not necessarily demonstrate ineffective assistance of counsel but merely a defense strategy that the jury did not accept.

[¶ 23] Whether to cross-examine and the extent of cross-examination are strategic decisions. The risk of excessive cross-examination is that the witness may reconcile inconsistencies, additional unfavorable testimony may be elicited, and ineffective efforts to attack credibility may in fact enhance the witness's testimony. *Smith v. State*, 959 P.2d 1193, 1198 (Wyo.1998). Speculation as to how the cross-examination could have been conducted differently does not meet the *Strickland* test for ineffective assistance. *Cutbirth*, 751 P.2d at 1266.

*Quality of Closing Argument*

[¶ 24] Barkell claims that trial counsel failed to exploit, in his closing argument, inconsistencies in the testimony of BV and her mother. A close review of the closing argument shows that counsel emphasized the defense theory of the case: lack of physical evidence, inconsistencies in the witness's testimony, and the victim's possible motivation for fabrication. The few additional inconsistencies identified by Barkell in the testimony of the 10–year old victim are trivial at best and unrelated to the elements of the sexual abuse allegations. Counsel's decision not to list for the jury every possible inconsistency in the testimony cannot be said to be ineffective assistance.

*Conduct of Voir Dire*

[¶ 25] Barkell criticizes trial counsel for his handling of a prospective juror who admitted on his questionnaire that he had been convicted of a felony. The trial judge determined that the conviction was a juvenile conviction. The prosecutor, defense counsel and the court each expressed some uncertainty whether the automatic exclusion of Wyo. Stat. Ann. § 1–11–102 applied to juvenile convictions. Barkell's counsel in addition stated that he would not object to the juror's retention.

[¶ 26] Because the juror in question was not seated, and because any prejudice would likely inure to the benefit of the defendant, we fail to see how counsel's opinion reflects

incompetence. "Because voir dire questioning techniques are diverse, any alleged voir dire error must be egregious and obvious in order to fall below the line of competence." *Arner v. State,* 872 P.2d 100, 105 (Wyo.1994).

*Failure to Contest Victim's Testimonial Competency*

[¶ 27] Barkell alleges that trial counsel should have objected to the testimony of BV because she may have been incompetent to testify. Once again, Barkell shows us no evidence beyond speculation that such an objection would have been well founded.

The competency of child witnesses is determined by the application of a five-part test. The child must demonstrate: (1) an understanding of the obligation to speak the truth on the witness stand; (2) the mental capacity at the time of the occurrence concerning which he is to testify, to receive an accurate impression of it; (3) a memory sufficient to retain an independent recollection of the occurrence; (4) the capacity to express in words his memory of the occurrence; and (5) the capacity to understand simple questions about it.

*Ryan v. State,* 988 P.2d 46, 57–58 (Wyo.1999) (quoting *English v. State,* 982 P.2d 139, 145 (Wyo.1999)). A careful review of the record does not show any grounds to indicate that BV was not competent to testify. Again, Barkell must show some evidence, not mere speculation, to justify a competency hearing. Failure to present a baseless defense does not constitute the ineffective assistance of counsel. *Allen v. State,* 2002 WY 48, ¶ 36, 43 P.3d 551, ¶ 36 (Wyo.2002).

[¶ 28] Counsel obviously made the tactical decision to attempt to impeach BV rather than exclude her testimony. Tactical decisions do not become ineffective assistance of counsel when they do not succeed, or when hindsight shows the different decision may have been the better course. *Dudley v. State,* 951 P.2d 1176, 1181 (Wyo.1998).

*Applicability of W.R.E. 608*

[¶ 29] On appeal, Barkell criticizes his trial counsel for attempting to elicit from the defense witnesses specific examples of BV's untruthfulness. The prosecutor successfully objected to the testimony and counsel proceeded to elicit testimony of BV's reputation for untruthfulness, as permitted by W.R.E. 608.

[¶ 30] Barkell fails to explain how his counsel's testing the limits of the evidentiary rule or the prosecutor's alertness constitutes ineffective assistance. The questions were properly objected to and sustained. No prejudice to defendant can result where the evidence was properly excluded; attempting to obtain such evidence is not ineffective assistance.

*Failure to Make Timely Motion for Acquittal*

[¶ 31] At the close of the State's case, the trial court prompted counsel to move for judgment of acquittal, apparently before it occurred to counsel to do so. Counsel then made the motion, and it was denied. Likewise, at the close of the evidence, the trial court beat counsel to the punch and stated that any motion for judgment of acquittal was deemed to have been made and denied.

[¶ 32] Barkell points to no professional standard that requires counsel to put his pro forma objection on the record before the trial court thinks of it first. His criticism in this regard is at best picayune. We have consistently held that we will not consider claims unsupported by cogent argument or pertinent authority. *Madrid v. State,* 910 P.2d 1340, 1347 (Wyo.1996).

[¶ 33] Barkell also asserts cumulative error in the aggregation of all of the alleged errors. Because this Court finds that there was no error with respect to any one of the allegations, there cannot be cumulative error. *Pearson v. State,* 12 P.3d 686, 692 (Wyo. 2000).

[¶ 34] In his second issue, Barkell claims that he was entitled to remand for an evidentiary hearing on his claims of ineffective assistance of counsel, citing *Calene v. State,* 846 P.2d 679 (Wyo.1993). The present case, however, is more similar to *Griswold v. State,* 994 P.2d 920, 930–31 (Wyo.1999). Ap-

pellant cannot rely on mere allegations and speculation for the purpose of obtaining a remand to develop a record on his claims of ineffective assistance. We previously denied Barkell's Motion for a Partial Remand and, in his appellate brief, he provides no additional facts or argument justifying a remand. *Id.*

## CONCLUSION

[¶ 35] A claim of ineffective assistance of counsel must be accompanied by specific facts in the record showing counsel's performance was deficient. Speculation and 20/20 hindsight do not meet this requirement. Reviewing the entire record under the circumstances as they existed at the time of the trial, we find that Barkell was provided with effective assistance of counsel and affirm.