2005 WY 164

**Richard A. MARSHALL, Jr., Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. 04–156.**

Supreme Court of Wyoming.

Dec. 28, 2005.

---

Representing Appellant: Tonya A. Morse, Cheyenne, Wyoming.

Representing Appellee: Patrick J. Crank, Wyoming Attorney General; Paul S. Rehu-

rek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Dee Morgan, Senior Assistant Attorney General. Argument by Ms. Morgan.

Before HILL, C.J., and GOLDEN, KITE, VOIGT, BURKE, JJ.

GOLDEN, Justice.

[¶ 1] Richard Marshall was convicted following a jury trial of one count of aiding and abetting in the commission of aggravated robbery and one count of conspiracy to commit aggravated robbery. Marshall requests this Court review whether the prosecutor transgressed the tenets of *Kwallek v. State*, 596 P.2d 1372 (Wyo.1979), and its progeny, whether he was deprived of a fair trial because of judicial bias, whether trial counsel rendered constitutionally ineffective assistance, and whether prosecutorial misconduct occurred during closing argument. Finding no reversible error, we affirm.

## ISSUES

[¶ 2] Marshall presents the following issues for our review:

I. Whether the prosecution's solicitation of testimony as to the guilty pleas of the co-conspirators or his use of the guilty pleas in argument was plain error that effectively denied Appellant his right to a trial on the merits?

II. Whether judicial bias deprived the Appellant of his constitutional right to a fair trial?

III. Whether ineffective assistance of counsel denied Appellant his constitutional right to a fair trial?

IV. Whether prosecutorial misconduct denied Appellant his constitutional right to a fair trial?

## FACTS

[¶ 3] On April 23, 2003, three masked individuals robbed at gunpoint the Hilltop Barbershop in Casper. Zachery Smith, Charles Garrison, Crystal Garrison and Marshall were later arrested and charged for the crime. Smith and the Garrisons eventually pled guilty to charges arising from their

criminal misconduct and testified against Marshall at his trial. After a five-day trial, the jury found Marshall guilty of conspiracy to commit aggravated robbery and aiding and abetting in the commission of the same. The district court sentenced Marshall to concurrent prison terms of five to eight years. This appeal followed.

## DISCUSSION

### Testimony Regarding Witnesses' Guilty Pleas

[¶ 4] Marshall contends plain error occurred when the prosecutor elicited testimony from Smith and Crystal Garrison that they had pled guilty to charges stemming from the robbery of the Hilltop Barbershop. This Court has consistently stated that "when two persons are indicted for separate offenses growing out of the same circumstance, the fact that one has pleaded guilty is inadmissible against the other." *Kwallek v. State*, 596 P.2d 1372, 1375 (Wyo.1979); *see also KP v. State*, 2004 WY 165, ¶ 14, 102 P.3d 217, 221–22 (Wyo.2004); *Adams v. State*, 2003 WY 152, ¶ 27, 79 P.3d 526, 534 (Wyo. 2003); *Capshaw v. State*, 11 P.3d 905, 911 (Wyo.2000); *Mazurek v. State*, 10 P.3d 531, 535 (Wyo.2000); *Urrutia v. State*, 924 P.2d 965, 969 (Wyo.1996). The rationale for the rule is that the evidence "is irrelevant and incompetent because it suggests that since the confederate is guilty, the defendant must also be guilty, and this inference violates the defendant's right to have his trial on its own merits." *Kwallek*, 596 P.2d at 1375–76.

[¶ 5] On appeal, Marshall fails to acknowledge that he waived this issue during trial. During his cross-examination of Smith, he elicited detailed information concerning Smith's plea agreement with the State. The State specifically requested clarification as to whether defense counsel was waiving any potentially available objection under *Kwallek* and its progeny. Defense counsel expressly acknowledged he was indeed waiving any such objection. The exact same events took place during defense counsel's cross-examination of Crystal and Charles Garrison. These exchanges clearly demonstrate that defense counsel waived any claim of error on

this issue. Therefore, we will not address it further.

### Judicial Bias

▮ [¶ 6] Marshall next argues he was deprived of a fair trial because the trial judge was biased against him and his trial counsel. As proof of this bias, Marshall alleges that the judge rebuked defense counsel, agreed with the State when it made objections, sustained objections before they were fully stated and interfered with counsel's examination of the witnesses. Marshall claims the judge's actions impeded his ability to present a defense and implied to the jury that the judge thought defense counsel was incompetent, thereby prejudicing the jury against him.

▮ [¶ 7] Marshall's argument consists solely of factually and legally unsupported allegations of judicial bias. In construing the word "bias," this Court has stated:

> Bias is a leaning of the mind or an inclination toward one person over another. The "bias" ... must be personal, and it must be such a condition of the mind which sways judgment and renders the judge unable to exercise his functions impartially in a given case or which is inconsistent with a state of mind fully open to the conviction which evidence might produce.

*Pearson v. State,* 866 P.2d 1297, 1300 (Wyo. 1994) (citing *Hopkinson v. State,* 679 P.2d 1008, 1031 (Wyo.1984)); *see also TZ Land & Cattle Co. v. Condict,* 795 P.2d 1204, 1211 (Wyo.1990). In condemning the trial judge, Marshall has not pointed to any evidence that the judge was predisposed to rule against him or that the judge's rulings were based on anything other than the law and the facts before him. Nor has Marshall cited to any authority that the alleged judicial improprieties he has identified, in and of themselves, legally constitute judicial bias. Instead, Marshall has merely provided a list of adverse rulings from the trial transcript and a bald assertion that the trial court was biased against him. An appellant must show more than the fact that a trial court ruled against him on any particular matter to demonstrate judicial bias. *Brown v. Avery,* 850

P.2d 612, 616–17 (Wyo.1993). Marshall has failed to carry that burden.

▮ [¶ 8] Moreover, our independent review of the record reveals no evidence that the trial judge was biased against Marshall during any portion of the criminal proceedings. The judge's conduct and his evidentiary rulings were based on sound reasoning and were consistent with the Wyoming Rules of Evidence. Simply put, we find no merit in Marshall's claim.

### Ineffective Assistance of Trial Counsel

[¶ 9] Marshall contends that trial counsel rendered ineffective assistance. Marshall's allegations of ineffectiveness revolve around two issues: defense counsel's failure to comply with notice and discovery requirements, resulting in the exclusion of expert medical testimony concerning his physical disability; and counsel's failure to object to the prosecutor's reference to Jury Instruction No. 19 during closing argument.

▮ [¶ 10] We review claims of ineffective assistance of counsel under the following standard:

> When reviewing a claim of ineffective assistance of counsel, the paramount determination is whether, in light of all the circumstances, trial counsel's acts or omissions were outside the wide range of professionally competent assistance. *Herdt v. State,* 891 P.2d 793, 796 (Wyo.1995); *Starr v. State,* 888 P.2d 1262, 1266–67 (Wyo. 1995); *Arner v. State,* 872 P.2d 100, 104 (Wyo.1994); *Frias v. State,* 722 P.2d 135, 145 (Wyo.1986). The reviewing court should indulge a strong presumption that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Herdt,* at 796; *Starr,* at 1266; *Arner,* at 104; *Strickland v. Washington,* 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984).

Under the two-prong standard articulated in *Strickland* and *Frias,* an appellant claiming ineffective assistance of counsel must demonstrate on the record that counsel's performance was deficient and that prejudice resulted. *Strickland,* 466 U.S.

at 687, 104 S.Ct. at 2064; *Starr,* at 1266; *King v. State,* 810 P.2d 119, 125 (Wyo.1991) (Cardine, J., dissenting); *Campbell v. State,* 728 P.2d 628, 629 (Wyo.1986); *Frias,* 722 P.2d at 145. In other words, to warrant reversal on a claim of ineffective assistance of counsel, an appellant must demonstrate that his counsel failed to "render such assistance as would have been offered by a reasonably competent attorney" and that "counsel's deficiency prejudiced the defense of the case." *Lower v. State,* 786 P.2d 346, 349 (Wyo.1990). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland,* 466 U.S. at 686, 104 S.Ct. at 2064.

*Duke v. State,* 2004 WY 120, ¶ 36, 99 P.3d 928, 943 (Wyo.2004), *cert. denied,* —— U.S. ——, 125 S.Ct. 2513, 161 L.Ed.2d 1113 (2005). The burden of proving that counsel was ineffective rests entirely on an appellant. *Id.* (citing *Asch v. State,* 2003 WY 18, ¶ 11, 62 P.3d 945, 950 (Wyo.2003); *Barkell v. State,* 2002 WY 153, ¶ 10, 55 P.3d 1239, 1242 (Wyo. 2002)). "To satisfy his burden, an appellant must provide more than mere speculation or equivocal inferences." *Id.* (citing *Sincock v. State,* 2003 WY 115, ¶ 37, 76 P.3d 323, 337 (Wyo.2003); *Barkell,* ¶ 13, 55 P.3d at 1243).

■■■ [¶ 11] Marshall's first complaint concerns counsel's failure to introduce expert mental health testimony that he suffered from the physical disability fibromyalgia. According to Marshall, that testimony would have shown that he was incapable of driving due to his disability and, thus, negated the State's evidence that he drove the getaway vehicle during the robbery. The problem with Marshall's ineffectiveness claim is that it is based on a faulty premise that the trial court disallowed the experts' testimony solely because counsel failed to timely comply with notice and discovery requirements. The record in this case reveals that the trial court ultimately excluded the testimony for two

reasons: the discovery violation and its determination that the mental health professionals, a psychologist and a counselor, were not qualified to testify about Marshall's physical disability. Consequently, even if counsel failed to comply with discovery requirements, Marshall cannot show prejudice from counsel's conduct. The trial court still would have excluded the experts' testimony based on the experts' lack of qualifications.

■■■ [¶ 12] Marshall also faults trial counsel for not objecting to the prosecutor's use of Jury Instruction No. 19 during closing argument.[1] He claims that the prosecutor's comments regarding that instruction implied that "the judge endorsed and approved the testimony of the accomplices." We summarily reject Marshall's claim for two reasons. First, Marshall has not identified with specificity the comments upon which counsel was remiss in not objecting. Second, compounding that glaring omission, Marshall has failed to provide any legal analysis supporting his ineffectiveness claim. We have consistently stated that we will not consider claims devoid of cogent argument and citation to legal authority. *Duke,* ¶ 49, 99 P.3d at 946; *Eustice v. State,* 11 P.3d 897, 904 (Wyo.2000); *Blumhagen v. State,* 11 P.3d 889, 897 n. 2 (Wyo. 2000). We apply that rule in this instance.

### Prosecutorial Misconduct

[¶ 13] Marshall asserts that the prosecutor committed misconduct during closing argument because he personally vouched for the credibility of the State's witnesses and interpreted the jury instructions "in a manner that implied that [the] judge was advocating for the State's position." With respect to claims of prosecutorial misconduct, this Court has stated:

Claims of prosecutorial misconduct are settled by reference to the entire record and hinge on whether the accused's case has been so prejudiced as to constitute the denial of a fair trial. *English v. State,* 982 P.2d 139, 143 (Wyo.1999) (quoting *Gayler v. State,* 957 P.2d 855, 860 (Wyo.1998); *Arevalo v. State,* 939 P.2d 228, 230 (Wyo.

---

1. Jury Instruction No. 19 pertains to accomplice testimony, following the language of W.Cr.P.J.I. 6.04 (2004).

1997)). The propriety of any comment within a closing argument is judged "in the context of the prosecutor's entire argument, considering the context of the statements and comparing them with the evidence produced at the trial." *Wilks* [*v. State*, 2002 WY 100], ¶ 26, [49 P.3d 975, 986 (Wyo.2002) ] (citing *Burton v. State*, 2002 WY 71, ¶ 11, 46 P.3d 309, [313] (Wyo. 2002)). The burden of proving prejudicial error rests with the appellant. *Wilks*, at ¶ 26; *see also Taylor* [*v. State*, 2001 WY 13], ¶ 19[, 17 P.3d 715, 722 (Wyo.2001) ]; *Tennant v. State*, 786 P.2d 339, 346 (Wyo. 1990).

*Duke*, 2004 WY 120, ¶ 100, 99 P.3d at 957.

[¶ 14] Because Marshall did not object at trial to the alleged incidents of misconduct, it is incumbent upon him to demonstrate plain error, which demands:

First, the record must be clear as to the incident which is alleged as error. Second, the party claiming the error amounted to plain error must demonstrate that a clear and unequivocal rule of law was violated. Finally, that party must prove a substantial right has been denied him and, as a result, he has been materially prejudiced.

*Id.* at ¶ 101, 99 P.3d at 957. We are reluctant to find plain error in a closing argument "lest the trial court becomes required to control argument because opposing counsel does not object." *Lafond v. State*, 2004 WY 51, ¶ 35, 89 P.3d 324, 336 (Wyo.2004) (quoting *Helm v. State*, 1 P.3d 635, 639 (Wyo.2000)).

[¶ 15] Marshall's first allegation of prosecutorial misconduct is directed at the following remarks:

Why would anyone make that part of it up if it didn't happen? Three people made that up and it didn't happen?

* * * *

But, ladies and gentlemen, consider something else; that each one of these witnesses, independent of each other and without an opportunity to consult with each other, all three confessed before any plea agreement was entered.

Appellant contends that these comments constitute impermissible vouching for the credibility of the State's witnesses. We disagree.

[¶ 16] When viewed in proper context, the prosecutor's statements are a legitimate argument as to what inferences the jury should, or should not, draw from the evidence produced at trial, and what evidence and other factors the jury should weigh in evaluating the credibility of Smith, the Garrisons, and Marshall. In the first statement, the prosecutor was merely commenting on the evidence that all three of the accomplices in the robbery, Smith and the Garrisons, said the same thing about the events leading up to the robbery. The second statement is just a recap of the testimony concerning Smith's and the Garrisons' confessions and their plea agreements with the State—that they confessed to the crime before they were given a plea deal. We have stated that the purpose of closing argument is to give both the prosecution and defense counsel the opportunity to explain the significance of the evidence and how it should be viewed. *Jeschke v. State*, 642 P.2d 1298, 1302 (Wyo.1982). During closing argument, the prosecutor is entitled to comment on the evidence and to draw reasonable inferences from it in order to assist the jury in its fact finding function. *Taul v. State*, 862 P.2d 649, 659 (Wyo.1993); *McLaughlin v. State*, 780 P.2d 964, 967–68 (Wyo.1989). We find that the prosecutor's comments did not transgress the line of permissible argument.

[¶ 17] Marshall next takes issue with the prosecutor's statement:

And you have been instructed by the judge that many times inconsistencies are simply a matter of people seeing things different ways, forgetting things, or simply remembering them differently after eight months; or maybe you'll remember them a little differently if you're Charlie Garrison and you've been sitting in a jail cell for eight months, listening to people call you a rat because you told the police the very night he was arrested exactly what happened in this robbery.

[¶ 18] However, in asserting error, Marshall has failed to present a cogent argument, with citation to pertinent legal authority, explaining what rule of law the challenged comments violated in a clear and obvious

way. Nor has he provided any analysis as to how he was materially prejudiced by those comments. Instead, Marshall merely provides a bald assertion that it was misconduct for the prosecutor to "interpret the jury instructions for the jury and in a manner that implied that [the] judge was advocating for the State's position." Such is insufficient for this Court to find reversible plain error.[2]

## CONCLUSION

. [¶ 19]   We find that Marshall waived any potential error regarding the testimony relating to the witnesses' guilty pleas. Marshall has failed to convince this Court that any reversible error exists with respect to any of the issues raised in this appeal.   Affirmed.

---

**2.** Marshall's complaint concerning the prosecutor's reference to Jury Instruction No. 19 also suffers from the same infirmity.