O’BRIEN, J.,
concurring in part and dissenting in part.
I am pleased to join the majority opinion except for Part 2-Alleged Pretrial Errors. From that discussion and holding, I respectfully dissent.
The masterful style of the majority opinion obscures what, for me, is the core issue relating to the claimed pretrial errors, AEDPA deference.
There is no doubt Congress intended AEDPA to advance these doctrines [comity, finality and federalism]. Federal habeas corpus principles must inform and shape the historic and still vital relation of mutual respect and common purpose existing between the States and the federal courts. In keeping this delicate balance we have been careful to limit the scope of federal intrusion into state criminal adjudications and to safeguard the States’ interest in the integrity of their criminal and collateral proceedings. See, e.g., Coleman v. Thompson, 501 U.S. 722, 726, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991) (“This is a case about federalism. It concerns the respect that federal courts owe the States and the States’ procedural rules when reviewing the claims of state prisoners in federal habeas corpus”); McCleskey v. Zant, 499 U.S. 467, 493, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991) (“[T]he doctrines of procedural default and abuse of the writ are both designed to lessen the injury to a State that results through reexamination of a state conviction on á ground that the State did not have the opportunity to address at a prior, appropriate time; and both doctrines seek to vindicate the State’s inter *700 est in the finality of its criminal judgments”)-
Williams v. Taylor, 529 U.S. 420, 436, 120 S.Ct. 1479, 146 L.Ed.2d 435 (2000) (emphasis added).
The Wyoming Supreme Court twice addressed Barkell’s claims of ineffective assistance of trial counsel and his request for a hearing on that issue. It considered and denied his request for an evidentiary hearing in an unpublished order. Later it revisited the issue (as well as his other arguments) in a formal opinion. Barkell v. State, 55 P.3d 1239 (Wyo.2002). It concluded his request for a hearing was not adequately supported, saying:
In his second issue, Barkell claims that he was entitled to remand for an eviden-tiary hearing on his claims of ineffective assistance of counsel, citing Calene v. State, 846 P.2d 679 (Wyo.1993). The present case, however, is more similar to Griswold v. State, 994 P.2d 920, 930-31 (Wyo.1999). Appellant cannot rely on mere allegations and speculation for the purpose of obtaining a remand to develop a record on his claims of ineffective assistance. We previously denied Bar-kell’s Motion for a Partial Remand and, in his appellate brief, he provides no additional facts or argument justifying a remand. Id.
Id. at 1245-46.
The Wyoming Supreme Court’s opinion is crystal clear. In AEDPA’s words, Bar-kell failed to “develop the factual basis for his claim.”[1] That is a merits decision entitled to AEDPA deference.[2] But instead of deferring to the Wyoming Supreme Court the majority shifts focus saying, “Thus, the threshold issue is whether Mr. Barkell exercised sufficient diligence in state court to avoid the strictures of § 2254(e)(2).”[3] (Majority Op. at 693-94.) Since he “identified such evidence for us”[4] (Majority Op. at 693) he thereby qualifies for a hearing. But Barkell has identified no evidence for us that he had not already identified for the Wyoming Supreme Court.[5] The majority simply substitutes *701 its view of sufficiency for that of the Wyoming Supreme Court. Conveniently that obviates any need to demonstrate how the Wyoming decision is contrary to or an unreasonable application of United States Supreme Court precedent. Indeed, no attempt is made to do so.
I think the majority has miscast the issue. It confesses the obvious — the Wyoming Supreme Court is the final arbiter of Wyoming law and procedure — and it acknowledges that under Wyoming law Bar-kell’s petition was insufficient “because the Wyoming Supreme Court said so.” (Majority Op. at 695.) But then, citing Williams, it says the issue here is not the sufficiency of the application, but diligence in presenting it. It errs because in this case the issue of diligence is subsumed in the sufficiency inquiry.[6] Diligence requires all available evidence be discovered, marshaled and presented to the state tribunal. Id at 437, 120 S.Ct. 1479. Barkell presented to the Wyoming Supreme Court such evidence as he thought sufficient in support of his petition and he offered no new evidence to the district court. He does not claim the prosecution “hid the ball” or some other happenstance[7] prevented him from finding and presenting relevant material. But the majority puts a new twist on the diligence test.
It says Barkell exercised diligence in presenting his hearing request because he followed established procedures (the Calene decision[8]) when he requested an evidentiary hearing. But the Wyoming Supreme Court, relying on one of its subsequent cases, held otherwise. ' Under Wyoming case law Barkell’s petition was insufficient because he failed to make the substantial factual showing required to obtain such a hearing.[9]
The majority clearly thinks he made an adequate showing, but rather than face the issue head-on (with the attendant requirement of demonstrating the Wyoming decision was contrary to or an unreasonable application of United States Supreme Court precedent) it disguises a substantive disagreement as á diligence inquiry.[10] It is fair, then, to ask how diligence should be *702 measured in this case. Barkell presented his supporting evidence (he has offered nothing new), so the question is procedural compliance. While conceding that “[n]ot complying with established requirements would ordinarily constitute the fault necessary to impose the strict limitations of § 2254(e)(2) on the opportunity for a federal evidentiary hearing,” the majority concludes, “[i]n our view, Mr. Barkell’s efforts complied with a reasonable (although apparently incorrect) interpretation of the mandates of Wyoming law as it stood before his appeal.” (Majority Op. at 694-95.) In other words, the majority is free to decide, in spite of the Wyoming Supreme Court, what kind of showing Wyoming procedure required for an evidentia-ry hearing at the time Barkell made his request. I do not see how that is consonant with Williams, 529 U.S. at 437, 120 S.Ct. 1479 (“Diligence will require in the usual case that the prisoner, at a minimum, seek an evidentiary hearing in state court in the manner prescribed by state law.” (emphasis added)).
Contrary to the majority’s suggestion, no procedural bar prevented or discouraged Barkell from making a sufficient showing. He was free to present whatever he thought appropriate. The question is not whether he was diligent in identifying and presenting facts justifying an evi-dentiary hearing, but whether his efforts were adequate. The Wyoming Supreme Court said “no,” the majority says “yes.” Assuming the majority is correct and the Wyoming Supreme Court erred, AEDPA deference is still required. The state decision must be unreasonable, not merely incorrect. Williams, 529 U.S. at 411, 120 S.Ct. 1495 (“[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.”).[11] I am not prepared to say the Wyoming Supreme Court was wrong, let alone unreasonable.
The majority says Barkell’s efforts, while unsuccessful, were reasonable under existing standards. It thus implies that the Wyoming Supreme Court changed the sufficient showing rules in this case and without adequate notice. Specifically it says the Calene court relied upon an un-sworn letter to justify a remand for an evidentiary hearing but Barkell was denied a hearing because his factual recitals were not sworn. The majority assumes that was the basis for denying a hearing to Barkell (the Wyoming Supreme Court said no such thing). But crediting the majority’s assumption does not change the result. In Calene the correct procedure for presenting ineffective assistance of counsel claims was definitively explained for the first time. In that watershed decision the Wyoming Supreme Court ordered a remand for an evidentiary hearing based upon Calene’s unsworn letter. But it also laid out for future cases the threshold requirement for obtaining such a hearing saying, “a motion for remand should be made and appropriately supported by contentions defining and supporting any ineffectiveness claim in detail and supported, as may be appropriate, by affidavit sufficient to establish substantially [sic ].” Calene, 846 P.2d at 692. The Griswold case, which the Wyoming Supreme Court cited in denying Barkell’s request for a *703 remand, is no more or less demanding. In Grisivold the court said:
We denied his Motion for Partial Remand, finding that Griswold failed to provide a substantial factual basis for his claim. Moreover, in his appellate brief, Griswold provides no facts or arguments in support of this assertion. We have consistently held that we will not consider claims unsupported by cogent argument or pertinent authority. Madrid v.
State, 910 P.2d 1340, 1347 (Wyo.1996). Griswold, 994 P.2d at 930-31.
The Wyoming Supreme Court has not changed the rules, let alone done so without notice. It gave Calene a break (ostensibly because he was a pioneer on the issue) but, in doing so, it also announced a demanding rule for future cases (detailed motion supported, as appropriate, by affidavit). Subsequent Wyoming decisions do not suggest the affidavit rule has been ignored or relaxed.
In his quest for a hearing on his claim of ineffectiveness of trial counsel Barkell enjoyed the services of appellate counsel who was not involved in his trial. Barkell’s appellate counsel is experienced and well aware of the showing required for a remand to the state district court for an evidentiary hearing on trial counsel ineffectiveness. The majority correctly observes that Wyoming requires ineffectiveness of trial counsel to be raised on direct appeal. (Majority Op. at 694.) But that rule does not apply to ineffective appellate counsel. If appellate counsel was ineffective Barkell has another remedy. He can petition for post conviction relief in the state district court. The relevant statute provides:
(a)A claim under this act is procedurally barred and no court has jurisdiction to decide the claim if the claim:
(I) Could have been raised but was not raised in a direct appeal from the proceeding which resulted in the petitioner’s conviction;
(ii) Was not raised in the original or an amendment to the original petition under this act; or
(iii) Was decided on its merits or on procedural grounds in any previous proceeding which has become final.
(b) Notwithstanding paragraph (a)(1) of this section, a court may hear a petition if:
(I) The petitioner sets forth facts supported by affidavits or other credible evidence which was not known or reasonably available to him at the time of a direct appeal; or
(ii) The court makes a finding that the petitioner was denied constitutionally effective assistance of counsel on his direct appeal. This finding may be reviewed by the supreme court together with any further action of the district court taken on the petition.
(c) This act does not apply to claims of error or denial of rights in any proceeding:
(I) For the revocation of probation or parole;
(ii) Provided by statute or court rule for new trial, sentence reduction, sentence correction or other post-verdict motion.
(d) No petition under this act shall be allowed if filed more than five (5) years after the judgment of conviction was entered.
Wyo. Stat. § 7-14-103 (1977) (emphasis added.)
Barkell has not exhausted his potential claim of ineffective assistance of appellate counsel.
AEDPA requires deference to the Wyoming Supreme Court in this case. Its *704 decision was not contrary to or an unreasonable application of federal law as determined by the United States Supreme Court. We should affirm the district court in all respects.

. "If the applicant has failed to develop the factual basis of a claim in State court proceedings, the [federal district] court shall not hold an evidentiary hearing on the claim, unless....” 28 U.S.C. § 2254(e)(2) (emphasis added).

. 28 U.S.C. § 2254(d)

. If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an eviden-tiary hearing on the claim unless the applicant shows that—
(A) the claim relies on—
(i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
(ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
(B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
28 U.S.C. § 2254(e)(2).

. The evidence Barkell has "identified for us” is the very same evidence the Wyoming Supreme Court held to be insufficient.

. In that regard this case is distinctly different from Williams. In Williams no state court had ruled upon the adequacy of a request for an evidentiary hearing because the underlying issue was first raised in federal court where Williams claimed the Commonwealth of Virginia failed to disclose a plea agreement with a co-defendant offered in exchange for incriminating testimony against him. Williams, 529 U.S. at 427, 120 S.Ct. 1479. There was no occasion to consider whether deference was due to a state determination about the adequacy of his application since no application was made to a state court. The issue is squarely presented here, where the Wyoming *701 Supreme Court considered and decided the issue.
The ultimate question is whether this Court is enforcing federally derived rights or merely usurping state prerogatives. If this state decision is to be overturned, the panel should clearly explain how the Wyoming Supreme Court’s decision is contrary to or an unreasonable application of federal law as determined by the United States Supreme Court.

. "Yet comity is not served by saying a prisoner 'has failed to develop the factual basis of a claim’ where he was unable to develop his claim in state court despite diligent effort.” Williams, 529 U.S. at 437, 120 S.Ct. 1479 (emphasis added).

. "To say a person has failed in a duty implies he did not take the necessary steps to fulfill it. He is, as a consequence, at fault and bears responsibility for the failure. In this sense, a person is not at fault when his diligent efforts to perform an act are thwarted, for example, by the conduct of another or by happenstance.” Williams, 529 U.S. at 432, 120 S.Ct. 1479.

. Calene v. State, 846 P.2d 679 (Wyo.1993).

. The Wyoming Supreme Court specifically refused-to apply Calene to Barkell’s claim, holding that the issue of sufficiency was controlled by its later decision in Griswold v. State, 994 P.2d 920 (Wyo.1999). Barkell, 55 P.3d at 1245.

. For state courts to have their rightful opportunity to adjudicate federal rights, the prisoner must be diligent in developing the record and presenting, if possible, all claims of constitutional error. If the prisoner fails to do so, himself or herself contributing to the absence of a full and fair adjudication in state court. § 2254(e)(2) prohibits an evidentiary hearing to develop the relevant claims in federal court, unless the statute's other stringent requirements [cause and prejudice] are met.
Williams, 529 U.S. at 437, 120 S.Ct. 1479.

. Barkell was represented by appellate counsel (who was not his trial attorney). If a more robust showing was required (as the Wyoming Supreme Court held) his appellate counsel may have been inadequate. As I explain later, that can be explored in state post conviction proceedings, which have not been exhausted.