# IN THE SUPREME COURT, STATE OF WYOMING

## 2015 WY 91

APRIL TERM, A.D. 2015

July 15, 2015

MATTHEW P. SNYDER,

Appellant
(Defendant),

v.

S-14-0253

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Campbell County*
*The Honorable Michael N. Deegan, Judge*

*Representing Appellant:*

Office of the State Public Defender: Diane Lozano, State Public Defender; Tina N. Olson, Chief Appellate Counsel; and Eric M. Alden, Senior Assistant Appellate Counsel.

*Representing Appellee:*

Peter K. Michael, Wyoming Attorney General; David L. Delicath, Deputy Attorney General; Jenny L. Craig, Senior Assistant Attorney General; and Joshua C. Eames, Assistant Attorney General.

*Before BURKE, C.J., and HILL, KITE, DAVIS, and FOX, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**HILL,** Justice.

[¶1]   Matthew Snyder was convicted of five counts of sexual abuse of a minor in the first degree.  On appeal, he argues that the district court committed plain error by admitting testimony about the presumption of paternity applicable to DNA evidence that showed Mr. Snyder impregnated his minor victim.  We will affirm.

## ISSUE

[¶2]   Mr. Snyder presents one issue for our review:

> The trial court improperly allowed testimony of a civil presumption, which does not apply to criminal cases.

## STANDARD OF REVIEW

[¶3]   Mr. Snyder did not raise his issue in district court, thus we will consider it under the plain error doctrine. That doctrine provides:

> In order to establish plain error, the defendant must show that the record patently demonstrates the district court transgressed a clear and unequivocal rule of law and such violation adversely affected his substantial right.

*Faubion v. State*, 2010 WY 79, ¶ 21, 233 P.3d 926, 932 (Wyo. 2010).

## FACTS

[¶4]   In October of 2011 Matthew Snyder, his girlfriend, and her daughter JL moved to Gillette.  Soon thereafter, JL, who was twelve years old at the time, learned she was pregnant.  JL gave birth to a daughter in 2012.

[¶5]   In January of 2012, previous to giving birth, and shortly after her thirteenth birthday, Snyder forced JL to have sexual intercourse.  This also happened again after she gave birth in May of 2012 and several more times between June and mid-September of 2012.

[¶6]   In October of 2012, the Wyoming Department of Family Services removed JL, the infant, and JL's younger sister AH from the home because of allegations of abuse by Snyder against AH.  While in foster care, JL also reported her incidents of abuse.

[¶7]   On November 8, 2012, the State charged Snyder with five counts of first degree sexual abuse of a minor.  Prior to trial, the State filed a notice of its intent to introduce

1

uncharged misconduct evidence against Snyder under Wyoming Rule of Evidence 404(b). The State intended to introduce evidence that Snyder sexually abused JL while still living in California, stating in the notice that "[JL's] mother allowed [Snyder] to rape [JL] to repay [Snyder] for getting JL back from her [biological] father's custody." To help prove that the prior abuse occurred, the State sought to introduce evidence that JL became pregnant while in California and that DNA testing confirmed that Snyder was the father of JL's child.

[¶8]    A *Gleason* hearing was held on this limited issue. At its conclusion the district court ruled that it would allow evidence of the prior sexual abuse in California, as well as the DNA test results. The district court held that the uncharged misconduct was "necessary to the telling and the understanding of the story of the charged acts" and that the evidence would help "a trier of fact in understanding Defendant's alleged deviant sexual behavior (i.e. sexually abusing a minor child) by showing the victim was essentially offered to [him] as a 'reward/repayment' for [Snyder's] assistance in a custody dispute." The district court also found that because Snyder denied the sexual abuse occurred, he put every element of the charges at issue; namely, whether or not he was the perpetrator. Finally, the district court determined that the Rule 404(b) evidence's probative value was not outweighed by the danger of unfair prejudice to Snyder.

[¶9]    At trial, the State called Wyoming State Crime Lab's Christina Buettner to testify as its DNA expert. The prosecutor asked Ms. Buettner whether "Wyoming ha[s] a requirement as far as proof of paternity." She referenced a "Wyoming statute," and while she did not specifically state which statute, both parties agree that she was referencing Wyo. Stat. Ann. § 14-2-705(a)(ii) (LexisNexis 2015), which presumes a man to be the father of a child if he has a "combined paternity index of at least one hundred (100) to one (1)." Ms. Buettner then testified that the paternity index in Snyder's test was 7 billion to one that Snyder was the father of JL's child. There was no objection.

[¶10] Snyder was convicted of all five counts, and the district court sentenced him to consecutive sentences of 25-50 years on each count. This appeal followed.

## DISCUSSION

[¶11] Mr. Snyder argues that the district court should not have allowed testimony about a civil presumption that does not apply to criminal cases. Specifically, he argues that the Wyoming Parentage Act establishes a rebuttable presumption of paternity and improperly shifted the burden of proof to him, denying him due process. He contends that testimony regarding the DNA evidence should have stood on its own, and that invoking the statutory presumption exaggerated the significance of the genetic test results. He also argues that although rebuttable presumptions may be admitted in criminal cases, those are governed by W.R.E. 303, which was not followed here.

[¶12]   The State argues that plain error is simply not established here.  The State submits that the testimony in question was only relevant to support Rule 404(b) evidence rather than any elements of the charged offense.  In the alternative, the State asserts that Mr. Snyder was not prejudiced by any error.  We agree with the State and explain below.

[¶13]   We begin by examining the testimony in question.  In her testimony, Christina Buettner from the Wyoming State Crime Lab first testified "the probability of paternity" is "99.99999998638" that Mr. Snyder is the father of JL's baby based on genetic  results.  Ms. Buettner's testimony continued:

> Q.      Now, does Wyoming have a requirement as far as proof of paternity?
> A.      Yes, it is.  In a Wyoming statute of the numbers that you have to surpass in order to say that someone is the biological father.
>
> Q.      And what is that, the number that you have to surpass?
> A.      That number for Wyoming is 100.
>
> Q.      Can you explain to the jury, what does that mean?
> A.      Yes.  Let me just give you, can I give the second number from my report? We do two statistics for paternity.
>
> Q.      Oh, okay. Yes. Yes, ma'am.
> A.      We also do a second statistic for paternity.  That number is 7,343,000,000.  That is the, that means that the DNA results obtained are 7,343,000,000 more likely that Matthew Snyder is the father of [the baby] as opposed to a random individual.  So for the Wyoming statute of 100, that this is 7 billion.  And the requirement is 100 for Wyoming.
>
> Q.      And that is the probability of paternity?
> A.      That is a likelihood ratio actually.

[¶14]   If the State seeks to use a presumption against a defendant, Wyoming Rule of Evidence 303(b) controls whether the district court may submit the existence of the presumed fact to the jury and if it does, Rule 303(c) dictates the content of that instruction.  Rule 303 states as follows:

> **Rule 303.  Presumptions in criminal cases.**
>
> (a) *Scope*. - Except as otherwise provided by statute, in  criminal  cases,  presumptions  against  an  accused,

3

recognized at common law or created by statute, including statutory provisions that certain facts are prima facie evidence of other facts or of guilt, are governed by this rule.

(b) *Submission to jury*. - The court is not authorized to direct the jury to find a presumed fact against the accused. If a presumed fact establishes guilt or is an element of the offense or negatives a defense, the court may submit the question of guilt or of the existence of the presumed fact to the jury, but only if a reasonable juror on the evidence as a whole, including the evidence of the basic facts, could find guilt or the presumed fact beyond a reasonable doubt. If the presumed fact has a lesser effect, the question of its existence may be submitted to the jury provided the basic facts are supported by substantial evidence or are otherwise established, unless the court determines that a reasonable juror on the evidence as a whole could not find the existence of the presumed fact.

(c) *Instructing the jury*. - Whenever the existence of a presumed fact against the accused is submitted to the jury, the court shall instruct the jury that it may regard the basic facts as sufficient evidence of the presumed fact but is not required to do so. In addition, if the presumed fact establishes guilt or is an element of the offense or negatives a defense, the court shall instruct the jury that its existence, on all the evidence, must be proved beyond a reasonable doubt.

Mr. Snyder argues that Ms. Buettner's testimony that Wyoming law presumes a man to be the father if his combined paternity index is at least one hundred to one violated Rule 303. However, Rule 303 only governs if the district court actually submits the question of a presumed fact to the jury and how it then instructs the jury on the existence of the presumed fact. *See Hereford v. State*, 2015 WY 17, ¶ 19-21, 342 P.3d 1201, 1206-07 (Wyo. 2015) (if the court submits the question of the existence of a presumed fact to the jury, it shall instruct the jury that it may regard the basic fact as sufficient evidence of the presumed fact but it is not required to do so). That did not happen here. The district court did not submit the question of that presumed fact to the jury, nor did it instruct the jury regarding paternity.

[¶15] The paternity evidence was submitted to support the Rule 404(b) evidence of Snyder's prior sexual abuse of JL in California that the district court admitted to show

4

intent, motive and course of conduct in accordance with Rule 404(b). [1] "A trial court's determination that evidence of similar sexual misconduct is admissible in a child sexual abuse case to prove such purposes as motive and intent, where a defendant denies any wrongdoing, is certainly not unprecedented." *Gleason v. State*, 2002 WY 161, ¶ 19, 57 P.3d 332, 340 (Wyo. 2002).

[¶16] In *Hernandez v. State*, 2007 WY 105, 162 P.3d 472, 478 (Wyo. 2007), this Court adopted the *Yates* test to determine error in the context of jury instructions containing **mandatory** presumptions. The two-part test requires this Court to first ask what evidence the jury actually considered in reaching its verdict and then weigh the probative force of that evidence against the probative force of the presumption standing alone. *Id.*, ¶ 20, 162 P.3d at 478 (citing *Yates v. Evatt*, 500 U.S. 391, 403-404, 111 S.Ct. 1884, 114 L.Ed. 2d 432 (1991)). The *Yates* test does not apply here because the presumption was not mandatory, nor was it submitted to the jury.

[¶17] Here, the question is whether or not Mr. Snyder was prejudiced under plain error. The answer is no. While Ms. Buettner did testify to the Wyoming statutory presumption, she did so only to give context to the laboratory process, providing the jury with ample background into the laboratory's methods. Perhaps more importantly, though, she also testified that DNA results revealed a 99.99999998638 percent probability that Mr. Snyder was the father of JL's child. Mr. Snyder claims no error as to that testimony. Furthermore, three other witnesses testified that Mr. Snyder was the father of JL's child. Finally, JL testified that from January of 2012 through September of 2012, Mr. Snyder sexually assaulted her on five different occasions. There can be no plain error when the record does not show that the district court transgressed a clear and unequivocal rule of law, nor does it show that there was a violation that adversely affected Mr. Snyder's substantial rights.

[¶18] In concert with his argument above, Mr. Snyder also argues that his due process rights were violated. However, we cannot find any violation of Mr. Snyder's due process rights. As we discussed above, the testimony regarding Wyoming's statutory paternity presumption was to support uncharged misconduct in relation to Rule 404(b) evidence. There was no indication that the State relied on this evidence to shift its burden of proof to Mr. Snyder.

[¶19] Mr. Snyder's convictions stand.

## CONCLUSION

---

[1] Snyder does not appeal the district court's decision on the admission of the Rule 404(b) evidence. "[T]his court will not frame the issues for the litigants and will not consider issues not raised by them and not supported by cogent argument and authoritative citation." *State v. Campbell County Sch. Dist.*, 2001 WY 90, ¶ 35, 32 P.3d 325, 333 (Wyo. 2001).

[¶20]  We affirm the district court.