KORELL, District Judge.
*180 [¶1] On August 9, 2016, a Laramie County jury found Appellant, Dustin Bruckner, guilty of one count of sexual assault in the first degree, in violation of Wyo. Stat. Ann. § 6-2-302 (a)(iii) (LexisNexis 2017). The jury concluded Appellant committed sexual intrusion upon a non-consenting victim who he knew or had reason to believe was physically helpless. He now appeals, claiming his trial counsel provided ineffective assistance. We affirm.
ISSUES
[¶2] Appellant presents the following issues:
1. Did trial counsel provide ineffective assistance of counsel by her failure to object to inadmissible evidence and failure to adequately advance her theory of the case?
2. Did trial counsel provide ineffective assistance of counsel by her failure to suppress the statements made by Appellant when under investigative detention?
FACTS
[¶3] At approximately 11:00 p.m., on July 11, 2015, Appellant travelled to the Peppermill Bar in Cheyenne to meet his girlfriend, Victoria Seeley. While there, Appellant also saw an acquaintance, Chris Jones. Mr. Jones was joined by his girlfriend, who is the victim in this matter, and his roommate. Following last call, Mr. Jones invited Appellant and the others to his home. Upon arrival, Mr. Jones provided a tour of the split-level home, finally convening in the kitchen area on the upper level where they socialized and consumed alcohol through most of the early morning hours of July 12th.
[¶4] The victim eventually retired to Mr. Jones' bedroom, which is located a few feet from the kitchen area and adjacent to a bathroom. She was absent from the group for at least twenty minutes-but as much as an hour and a half-before Appellant excused himself from the company of Mr. Jones and Ms. Seeley, stating he was going to the bathroom. Approximately fifteen to twenty minutes later, the victim emerged from Mr. Jones' bedroom into the kitchen area. According to Ms. Seeley, the victim appeared very upset and left the residence without speaking. The victim travelled on foot to a neighbor's home across the cul-de-sac where she reported Appellant sexually assaulted her as she slept.
[¶5] The neighbor called law enforcement, who arrived at Mr. Jones' residence shortly thereafter. Law enforcement questioned the witnesses, including Appellant. Appellant denied the allegations, but then requested he be handcuffed and taken to the police station due to his fear for his personal safety if he remained at the residence. Law enforcement accommodated his request.
[¶6] At the station, Appellant cooperated with law enforcement by providing a DNA sample and consenting to the review of his cell phone. He was free from handcuffs or restraints. The detective provided Miranda advisements to Appellant. Appellant agreed to questioning which was videotaped. Even though the questioning evolved from conversational to accusatorial, Appellant continued to vehemently deny the allegations. The questioning lasted for about an hour and a half, after which Appellant was placed under arrest. The entire process at the station took about three hours.
[¶7] Appellant's trial counsel proceeded to trial without seeking suppression of the statements made to police at the station. At trial, the State introduced the videotaped recording containing those statements. Appellant's trial counsel stipulated to its admission.
[¶8] During trial, Appellant's counsel focused on undermining essential elements of the crime including developing facts and argument to demonstrate the unlikelihood that the victim was helpless. During opening statements, Appellant's counsel noted the following:
There's absolutely no reason to believe or evidence to support that [the victim] was unconscious or suffering from some physical impairment that would not allow her to communicate what her desires were. And, moreover, while she may have initially *181 been sleeping, it's not plausible that she slept through having her sweatpants removed, kissing, and the initiation of sexual intercourse as she described this happening.
[¶9] During cross-examination of witnesses, defense counsel focused on the degree of intoxication of the witnesses, the victim's immediate behavior after the assault, and the implausibility of the victim sleeping through the removal of her pants. With the responding officer, counsel elicited law enforcement's failure to administer sobriety tests of the witnesses. Finally, Appellant's counsel cross-examined forensic witnesses about the victim's lack of physical injury and about a DNA test result which excluded Appellant. Appellant did not testify or present any evidence.
[¶10] In closing, Appellant's trial counsel argued that the State's witnesses, particularly Mr. Jones and the victim, lacked credibility, and counsel offered examples of their contradictory testimony. Defense counsel used the videotaped interview to argue that, even though officers implemented aggressive interview techniques, Appellant's denial and explanation remained steadfast from "top to bottom" in spite of the interview techniques. Finally, defense counsel again argued the improbability that the victim slept through the removal of her clothing and the initiation of sexual intrusion.
[¶11] Prior to sentencing, Appellant's appellate counsel entered his appearance. The district court imposed a sentence of five to eight years in the penitentiary, which was suspended in favor of eight years of supervised probation. Appellant did not raise the issue of ineffective assistance of counsel at the trial court. He timely filed this appeal. Additional facts will be further detailed as necessary.
DISCUSSION
[¶12] Appellant asserts his trial counsel provided ineffective assistance by failing to object to inadmissible evidence, failing to advance the theory of the case, and failing to move to suppress Appellant's videotaped statements to police. Claims of ineffective assistance of counsel involve mixed questions of law and fact that the Court reviews de novo . Woods v. State , 2017 WY 111, ¶ 10, 401 P.3d 962, 967 (Wyo. 2017).
[¶13] Criminal defendants are guaranteed a right to effective assistance of counsel through the Sixth Amendment to the United States Constitution and Article 1, Section 10 of the Wyoming Constitution. See Maier v. State , 2012 WY 50, ¶ 24, 273 P.3d 1084, 1091-92 (Wyo. 2012) (quoting Dickeson v. State , 843 P.2d 606, 609 (Wyo. 1992) (quoting Strickland v. Washington , 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984) ) ).
[¶14] Under the Strickland analysis, an appellant must satisfy a two-part test to prove ineffective assistance of counsel.
First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.
Strickland , 466 U.S. at 687, 104 S.Ct. at 2064.
[¶15] Under Wyoming law, the Court considers performance deficient if a defendant shows that his attorney's performance fell below that of a reasonably competent attorney and that it is reasonably probable that the outcome of the proceeding would have been more favorable to the defendant absent the deficient performance. Woods , ¶ 10, 401 P.3d at 967 (quoting Jones v. State , 2017 WY 44, ¶ 14, 393 P.3d 1257, 1261 (Wyo. 2017) ). The Court evaluates counsel under the circumstances existing at the time of the challenged act or omission and from the perspective available at the time of the challenged act or omission. Id. The Court will not find performance deficient unless counsel's *182 conduct so undermines the proper functioning of the adversarial process that the verdict cannot be believed to have produced a just result. Luftig v. State , 2010 WY 43, ¶ 17, 228 P.3d 857, 864 (Wyo. 2010) (citing Dettloff v. State , 2007 WY 29, ¶ 17, 152 P.3d 376, 382 (Wyo. 2007) ).
Failure to Object to Testimony
[¶16] Appellant claims that counsel acted deficiently through failure to object to certain testimony. Appellant carries the burden of showing that trial counsel's failure to object or question witnesses in a specific manner constitutes deficient performance under the first prong of the Strickland test. See Woods , ¶ 10, 401 P.3d at 967. In support for his argument, Appellant points to instances of testimony in the record that he asserts were inappropriate, highly prejudicial, and presented without objection or request for a limiting instruction. In place of citations to legal authority, Appellant relies on blanket statements that the various instances of testimony were "conclusions," "opinions," "speculative," "state of mind evidence," "[o]bviously ... inappropriate," "highly prejudicial," or "hearsay."
[¶17] Wyoming Rule of Appellate Procedure 7.01(f)(1)[1] requires that any argument advanced by an appellant shall set forth "Appellant's contentions with respect to the issues presented and the reasons therefor, with citations to the authorities, statutes and parts of the designated record on appeal relied on...." (Emphasis added.) The Court has a long-standing precedent of summarily affirming cases or issues not supported by cogent argument or pertinent authoritative citation. See , e.g. , Woods , ¶ 18, 401 P.3d at 969 ; Snyder v. State , 2015 WY 91, ¶ 15 n.1, 353 P.3d 693, 695 n.1 (Wyo. 2015) (quoting State v. Campbell Cty. Sch. Dist. , 2001 WY 90, ¶ 35, 32 P.3d 325, 333 (Wyo. 2001) ). Woods is particularly instructive.
[¶18] The appellant in Woods challenged trial counsel's performance for failing to object to nineteen instances of objectionable hearsay. Woods , ¶ 16, 401 P.3d at 969. In his brief, Woods outlined references to the trial transcript and paraphrased the testimony in those locations. Id. ¶ 17, 401 P.3d at 969. Rather than cite the applicable Wyoming Rules of Evidence or provide the relevant legal analysis, Woods broadly stated that the evidence was hearsay and improper. Id. In accordance with precedent, the Court summarily affirmed the district court as it related to the issue of counsel's failure to object to hearsay. Id. ¶ 18, 401 P.3d at 969.
[¶19] As in Woods , Appellant in this case provides this Court with several citations to the trial transcript and categorically labels the evidence in each of these citations as inadmissible without citing the applicable Rules of Evidence. Different from Woods , Appellant provided this Court with a single legal authority, Proffit v. State , 2008 WY 114, 193 P.3d 228 (Wyo. 2008).
[¶20] In Proffit , the Court examined trial counsel's multiple failures to object to the following testimony: the appellant's refusal to take a polygraph test; two officers' opinions that the appellant was guilty; the appellant was a victim of molestation as a child; the prosecutor's "lying" technique during cross-examination; and most egregious, the prosecutor "hearsaying in" the extremely damaging testimony from two previous murder conspiracy trials in which the appellant was involved. Id. ¶ 34, 193 P.3d at 241.
Although we reviewed the record in this case observing the tenet that trial counsel is to be given the benefit of the doubt when considering whether a "failure" to object is actually a strategic "decision" not to object, we simply cannot accept counsel's performance as adequate under the ... test for effective assistance.
Id. The only apparent strategy consisted of showing the appellant as more credible than the State. Id. ¶ 37, 193 P.3d at 242. However, "nearly everything defense counsel did, with the exception of winning [a] motion for a change of venue, appeared to be designed to thwart" counsel's strategy of hoping that the jury would believe the appellant. Id. This Court found trial counsel's acts or omissions were outside the wide range of professionally *183 competent assistance. Id. ¶ 42, 193 P.3d at 244.
[¶21] Appellant's analysis of Proffit is two sentences long: "As in Proffit , Mr. Bruckner's only chance of winning his case was to convince the jury that his version was credible. All of the irrelevant, and prejudicial evidence allowed in without objection only served to negatively impact Mr. Bruckner's credibility." This analysis fails to show how the "objectionable" testimony in this case is similar to that in Proffit . No logical or persuasive power comes from an allusion that two cases share a similar issue. "In countless decisions this court has warned litigants '[i]n the presentation of an appeal to our court, it is inadequate simply to allude to an issue....' " Jones v. Schabron , 2005 WY 65, ¶ 12, 113 P.3d 34, 38 (Wyo. 2005) (quoting Saldana v. State , 846 P.2d 604, 622 (Wyo. 1993) ). This Court received no explanation as to why the holding in this case should be the same as the holding in Proffit . Appellant presents no cogent argument and pertinent authority regarding Counsel's failure to object, and this Court declines to address the issue raised by Appellant.
Failure to Advance the Theory of the Case
[¶22] Appellant claims trial counsel failed to advance the theory of the case through cross-examination and failed to have a sound trial strategy interwoven with the cross-examination. "[C]ross-examination technique is an aspect of trial strategy which is best left to the trial attorney rather than to the supervision of appellate courts." Mraz v. State , 2016 WY 85, ¶ 48, 378 P.3d 280, 292 (Wyo. 2016) (quoting Hamburg v. State , 820 P.2d 523, 528 (Wyo. 1991) ). The fact that trial counsel may have pursued a different strategy does little to prove that assistance of counsel was ineffective. See id. ; Barkell v. State , 2002 WY 153, ¶ 23, 55 P.3d 1239, 1244 (Wyo. 2002). Though trial counsel's strategy ultimately failed, this Court evaluates the strategy under the circumstances existing at the time and not in hindsight. See Woods , ¶ 10, 401 P.3d at 967 (quoting Jones v. State , 2017 WY 44, ¶ 14, 393 P.3d 1257, 1261 (Wyo. 2017) ).
[¶23] First, Appellant suggests trial counsel should have cross-examined witnesses about the victim's level of intoxication in an attempt to diminish the credibility of the victim. However, attacking the victim's level of intoxication may have been a slippery slope. If the victim was highly intoxicated, the jury might more easily find the State proved the victim was helpless. If the victim was only slightly intoxicated, then the victim's ability to perceive and remember may have been less impaired and potentially more reliable in the eyes of a jury. Instead, trial counsel actively sought to tarnish the credibility of the witnesses based on their consumption of alcohol. Additionally, trial counsel tried to demonstrate that the victim was not "helpless" at the time of the incident as required by Wyo. Stat. Ann. § 6-2-302(a)(iii), and endeavored to show that Appellant could not have known that the victim was "helpless." Trial counsel's approach was consistent through her argument to the jury. Considering the flaws in Appellant's suggested approach on appeal compared with counsel's approach at trial, Appellant has failed to demonstrate trial counsel was deficient and therefore ineffective.
[¶24] Second, Appellant contends trial counsel failed to exploit "the time frames about how long she [the victim] had been sleeping" prior to the assault. Appellant's argument appears to center around whether there was enough time for the victim to be asleep after she left the kitchen. Such argument is contrary to the efforts of trial counsel. It is clear trial counsel cross-examined the victim about her sleep and whether she could have remained sleeping while having her pants removed. Trial counsel further asked the jury to consider whether it was reasonable to conclude the victim was asleep or could remain sleeping. Again, Appellant has failed to demonstrate trial counsel provided ineffective assistance.
Failure to Move to Suppress Custodial Statements
[¶25] Appellant asserts his statements were involuntarily made to police and his trial counsel should have moved to suppress the statements. However, the Court *184 has long held "[t]he failure to file a suppression motion does not constitute ineffective assistance of counsel per se ." Lancaster v. State , 2002 WY 45, ¶ 58, 43 P.3d 80, 102 (Wyo. 2002). "In evaluating counsel's performance, we determine whether his actions could be considered sound trial strategy." Mraz , ¶ 44, 378 P.3d at 291 (quoting Luftig , ¶ 17, 228 P.3d at 865 ). There exists a strong presumption that counsel rendered adequate performance. Id. ¶ 43, 378 P.3d at 291 (quoting Luftig , ¶ 17, 228 P.3d at 864 ). "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." Strickland , 466 U.S. at 690, 104 S.Ct. at 2066.
[¶26] In this case, this Court cannot overlook that trial counsel intentionally allowed the jury to consider Appellant's videotaped interview as part of trial strategy, regardless of whether the statements were voluntary or not. Trial counsel stipulated to the admission of the interview. A reviewing court may never fully know the purposes of counsel's trial strategy, but this Court will not second guess trial strategy unless it so undermines the proper functioning of the adversarial process. See Mraz , ¶ 43, 378 P.3d at 291 (quoting Luftig , ¶ 17, 228 P.3d at 864 ).
[¶27] Given the nature of the charged offense in this case, one simple conclusion is that allowing the jury to see the taped interview created more benefit than detriment. Although Appellant offered some inconsistent statements during the interview, he repeatedly denied the allegations as argued by his trial counsel. The initial statements made by Appellant were fairly casual and did not change after more aggressive interrogation. Counsel consistently weaved Appellant's repudiation of the accusations throughout opening statements, trial, and closing argument. In closing, trial counsel argued that any inconsistent statements in the video were slight, even though the State attempted to exaggerate them. Counsel reminded the jury to review the tape, make a determination on their own, and submitted that there existed no meaningful inconsistencies.
[¶28] Appellant failed to carry his "heavy" burden of showing inadequate performance of his trial counsel, especially considering the "strong presumption that counsel rendered adequate assistance." See Mraz , ¶ 43, 378 P.3d at 291. Trial counsel's tactical decision allowing Appellant's videotaped statements could not be considered deficient performance under these circumstances.
CONCLUSION
[¶29] Finding no grounds upon which to conclude trial counsel was ineffective in her representation of Appellant, this Court affirms Appellant's convictions in all respects.

The rule has since been amended. The language is now found at Wyoming Rule of Appellate Procedure 7.01(g)(1) (effective November 1, 2017).